UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x
DEBORAH BRADLEY,

                Plaintiff,

                           **MEMORANDUM & ORDER**
       v.                       13-CV-00449-PKC

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.
-----------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

      Counsel for Plaintiff Deborah Bradley moves for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) ("Section 406"). (Dkts. 31, 32.) The Acting Commissioner of Social Security (the "Commissioner") does not oppose the motion. (Dkt. 33.) As set forth below, because the Court determines the fee request is reasonable, Plaintiff's motion is GRANTED. The Court finds that counsel for Plaintiff is entitled to attorney's fees in the amount of $25,704.50. The Court also directs Plaintiff's counsel to remit to Plaintiff $17,799.66, which represents the total amount of the two previous awards of attorney's fees paid to Plaintiff's counsel under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

## BACKGROUND

      This action has a 13-year history, which includes two appeals to this Court that were both handled by Law Offices of Harry J. Binder & Charles E. Binder, P.C. ("B&B"). Over the course of the two appeals, Plaintiff executed two retainer agreements with B&B, dated November 24, 2009 and January 19, 2013 (collectively, the "Agreements"), which appear substantively identical in relevant part. (Dkt. 32-3, Exs. A, B ("Agrmts.").) Both Agreements provided that Plaintiff

1

would transfer and assign her rights in any fees under the EAJA to B&B in the event of a successful appeal. (Agrmts. ¶ III.) Both Agreements additionally provided for a contingent fee arrangement of 25% (or up to 25%) of any past-due benefits ultimately awarded to Plaintiff, whether awarded outright by this Court or on remand by the Social Security Administration ("SSA").[1] (Agrmts. ¶¶ I, II.) The Court provides a brief recitation of the procedural history of these appeals below.

Plaintiff first filed an application for disability benefits on August 7, 2003. (Dkt. 32-2 ("Binder Aff.") ¶ 1.) Plaintiff's claim was denied, and she timely requested a hearing before an Administrative Law Judge ("ALJ"). (*Id.*) Thereafter, on July 28, 2004, Plaintiff retained B&B. (*Id.*) On July 28, 2005, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. (*Id.* ¶ 2.) The Appeals Council denied Plaintiff's request for review of the ALJ decision on November 18, 2005, and Plaintiff filed an appeal with this Court. (*Id.* ¶¶ 2-3.)

On December 23, 2009, the Honorable Sandra L. Townes issued an order remanding the case to the SSA for further proceedings. (*Id.* ¶ 4.) As a result of the successful appeal, Plaintiff's counsel received $5,299.66 in fees under the EAJA. (*Id.* ¶ 5.) On remand to the SSA, Plaintiff was again found not to be disabled, in a written decision issued on March 22, 2011. (*Id.* ¶ 6.) Once again, the Appeals Council denied the request for review of the ALJ decision; and again, Plaintiff filed an appeal with this Court. (*Id.*) On May 20, 2015, this Court issued an order reversing the ALJ decision and remanding the claim to the SSA for the calculation of benefits. (Dkt. 25.) On August 18, 2015, Plaintiff and the Commissioner submitted a stipulation and order,

---

[1] The Court notes that the January 19, 2013 Agreement differs slightly from the November 24, 2009 Agreement in that the latter provides that, in the event benefits are awarded to Plaintiff following remand to the SSA, B&B would be paid 25% of the past-due benefits awarded, whereas the former provides that B&B may apply to the U.S. District Court for fees under Section 406(b) that "*will not exceed* 25%" of the past-due benefits awarded.

2

providing for an award of $12,500 in fees and $400 in costs under the EAJA, paid directly to Plaintiff's counsel, which this Court entered on September 24, 2005. (Dkt. 30.) In total, Plaintiff's counsel received $17,799.66 in fees under the EAJA following the two appeals.

On April 6, 2016, the SSA notified Plaintiff that she was entitled to past-due benefits, of which $25,704.50 had been withheld.[2] (Dkt. 32-3 at ECF 12.) B&B now moves for an award of attorney's fees pursuant to Section 406 in the amount of $25,704.50 for 69.40 hours of service.

## DISCUSSION

### A. LEGAL STANDARD

If a court "renders a judgment favorable to a claimant," the court may award attorney's fees in an amount "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled," provided the fees are reasonable. 42 U.S.C. § 406(b)(1)(A). This statutory prescription is meant to control, rather than to displace, fee arrangements between Social Security benefits claimants and their counsel, meaning that rather than employing the traditional lodestar method of calculating reasonable attorney's fees, courts should act as an "independent check" on contingent fee arrangements to ensure they "yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 793, 806-07 (2002).

---

[2] The Court notes that the language in the SSA award notice itself—unlike others it has seen in the past—does not make clear what percentage of the total past-due benefits the $25,704.50 figure represents, or otherwise indicate that the withheld amount is intended to be payment for a claimant's representative's services. Rather, it reads: "Past due benefits are those payable to you (and your family) through April 2015, the month before the court's decision. For this reason, we are withhold *[sic]*, $25,704.50." (Dkt. 32-3 at ECF 12.) However, both parties agree that the $25,704.50 figure represents 25% of the total past-due benefits awarded to Plaintiff. (*See* Dkt. 33 at ECF 2; Binder Aff. ¶ 17.) All references to "ECF" correspond to page numbers generated by the Court's Electronic Court Filing ("ECF") system, and not the document's internal pagination.

3

To assess attorney's fees under Section 406, courts "must begin with the agreement" and "may reduce the amount called for by the contingency agreement only when [they] find[] the amount to be unreasonable." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). This inquiry requires consideration of several factors, namely (1) "whether the contingency percentage is within the 25% cap" set by Section 406; (2) "whether there has been fraud or overreaching in making the agreement"; and (3) "whether the requested amount is so large as to be a windfall to the attorney." *Id*. at 372. While there is no litmus test regarding what constitutes a windfall to counsel, courts in this district have considered whether the attorney's efforts were particularly successful for the plaintiff; whether there is evidence of the effort expended by the attorney (*e.g.*, through non-boilerplate pleadings and arguments requiring legal research and involving issues of material fact); and whether the case was handled efficiently due to the attorney's experience in handling social security cases. *See, e.g.*, *Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456-57 (W.D.N.Y. 2005); *Blizzard v. Astrue*, 496 F. Supp. 2d 320, 323 (S.D.N.Y. 2007). *See also Gisbrecht*, 535 U.S. at 808 (courts should consider "the character of the representation and the results the representative achieved," whether "the attorney is responsible for delay" that inflated any potential award, and whether "the benefits are large in comparison to the amount of time counsel spent on the case").

**B. ATTORNEY'S FEES**

The Court begins its analysis with the Agreements, which it finds to be unambiguous as to the contingent fee arrangement of 25% of past-due benefits. Indeed, that arrangement is set forth clearly in two distinct provisions of both Agreements, to cover multiple potential outcomes: first, should Plaintiff be awarded past-due benefits by this Court (Agrmts. ¶ I), and second, through a motion under Section 406 should Plaintiff be awarded past-due benefits on remand in further administrative proceedings (Agrmts. ¶ II), as was the case here. The contingent fee arrangement

4

falls within the 25% cap set by Section 406, and there is no allegation or evidence in the record of fraud or overreaching in making the Agreements. Therefore, in considering the reasonableness of the requested award, the Court is left to consider whether the requested amount is so large as to constitute a windfall to Plaintiff's counsel.

The Court finds that this award would not result in such a windfall. Plaintiff's counsel seeks an award of attorney's fees in the amount of $25,704.50 for 69.40 hours of work, equivalent to an hourly rate of $370.38. This amount falls well within the range of awards found by other courts in this Circuit to be reasonable within the meaning of Section 406. *See, e.g., Genovese v. Colvin*, No. 13-CV-3338, 2015 U.S. Dist. LEXIS 103349, at *4 (E.D.N.Y. Aug. 6, 2015) (awarding attorney's fees representing 25% of past-due benefits in an amount equivalent to a $696.36 hourly fee); *Prochaska v. Colvin*, No. 13-CV-2270, 2015 U.S. Dist. LEXIS 93361, at *4 (E.D.N.Y. July 17, 2015) (granting attorney's fees under Section 406 where 25% of past-due benefits equated to $491.77 per hour); *Barbour v. Colvin*, No. 12-CV-548, 2014 U.S. Dist. LEXIS 177165, at *3-4 (E.D.N.Y. Dec. 10, 2014) (awarding attorney's fees under a contingent fee arrangement equivalent to hourly rate of $599.19); *Blizzard*, 496 F. Supp. 2d at 321, 323-24 (granting, over Commissioner's objection, award of 25% of past-due benefits in an amount equivalent to $705.22 per hour); *Joslyn*, 389 F. Supp. 2d at 455-57 (awarding as reasonable attorney's fees 25% past-due benefits equivalent to $891.61 per hour).

There is no indication in the record of any delay that inflated the requested award. Moreover, Plaintiff's counsel appears to have extensive experience in the Social Security field. For instance, the attorney whose hours comprise the bulk of the basis for the requested award on the second appeal works exclusively on Social Security disability claims and contributes to a Social Security-focused portion of the New York Lawyers' Practical Skills Series for the New

York State Bar Association. (Dkt. 32-3 at ECF 7; Binder Aff. ¶ 14.) Another attorney, who worked on both appeals, is a past president of the New York Social Security Bar Association, and has handled thousands of administrative hearings and hundreds of federal appeals dealing with Social Security benefits claims. (Dkt. 32-3 at ECF 6-7; Binder Aff. ¶ 15.) As a result of B&B's efforts, Plaintiff was ultimately found to be entitled to past-due benefits accruing since August 2002. (Dkt. 32-3 at ECF 9.)

In light of these factors, and recognizing that "a contingency agreement is the freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate to secure effective representation, and of an attorney's willingness to take the case despite the risk of nonpayment," *Wells*, 907 F.2d at 371, the Court finds that the requested attorney's fee award is reasonable. While fee awards under both the EAJA and Section 406 are permitted, "the claimant's attorney must refund to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (internal quotation marks omitted). Because Plaintiff's counsel has already recovered $17,799.66 in attorney's fees under the EAJA, Plaintiff's counsel must refund that sum to Plaintiff in light of the award of $25,704.50 under Section 406.

## CONCLUSION

For the foregoing reasons, the Court GRANTS counsel for Plaintiff's motion for attorney's fees in the amount of $25,704.50. Plaintiff's counsel is directed to remit to Plaintiff the $17,799.66 previously awarded as attorney's fees under the EAJA.

SO ORDERED.

  */s/ Pamela K. Chen*  __
PAMELA K. CHEN
United States District Judge

Dated: August 8, 2016
      Brooklyn, New York